97 F.3d 1445
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Henry CIFUENTES-RIASCOS, Defendant, Appellant.
 No. 96-1035.
 United States Court of Appeals, First Circuit.
 Oct. 10, 1996.
 
 Benico Sanchez Rivera, Federal Public Defender, and Miguel A.A. Nogueras-Castro, Assistant Federal Public Defender, on brief for appellant.
 Guillermo Gil, United States Attorney, Warren Vazquez and Nelson Perez-Sosa, Assistant United States Attorneys, and Jose A. Quiles Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, and SELYA and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant was convicted of unlawful re-entry by a deported alien in violation of 8 U.S.C. § 1326(b)(2). He was sentenced to 100 months imprisonment and fined $500. On appeal he argues for the first time that the district court erred in imposing the fine where the defendant was financially unable to pay. This objection not having been made below, it is reviewed for plain error only. See United States v. Peppe, 80 F.3d 19, 22 (1st Cir.1996). After careful review of the parties' briefs and the record, we find no error.
 
 
 2
 The sentencing guidelines provide that a fine must be imposed within a specified range unless a defendant is unable to pay. See U.S.S.G. § 5E1.2(a)(b). When a sentencing court finds a defendant unable to pay the fine established by the guidelines, "the court may impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(f). Here, the district court expressly found that, based on the defendant's financial condition, "the imposition of a fine within the required range is not viable," and, instead of imposing a fine within the applicable range of $10,000 to $100,000, fined the defendant $500. The court was authorized by the guidelines to do so. See U.S.S.G. § 5E1.2(f). There was no plain error. Cf. United States v. Rivera, 68 F.3d 5, 8 (1st Cir.1995) (no plain error in imposing fine well below guideline minimum where defendant lacked apparent source of funds).
 
 
 3
 Affirmed. See Loc. R. 27.1.